MacCAMBRIDGE v. ROTH et al.

(Supreme Court, Appellate Term, First Department. December 16, 1913.)

SALES (§ 120*)—RESCISSION BY BUYER—BREACH OF CONTRACT BY SELLER.

Where the seller of a brace under a warranty asked payment for fixing the brace, though the warranty had not expired, but immediately thereafter repaired it and tendered it to the buyer, who refused to accept it, there was no such breach of the contract by the seller as entitled the buyer to rescind.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 294; Dec. Dig. § 120.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by John MacCambridge against Louis Roth and Adolph Roth, trading as the Roth Orthopedic Institute. From a judgment for plaintiff, defendants appeal. Reversed, and complaint dismissed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

James A. Hughes, of New York City, for appellant.
Max Steinart, for respondent.

GUY, J. Plaintiff sues to recover the purchase price of a brace, which defendants sold to plaintiff under a warranty. Within a week of the time fixed for the expiration of the warranty, the plaintiff asked the defendants to fix the brace, although the defendants had frequently repaired the brace previous to that time. When this request was first made, the defendants asked payment for fixing it, but immediately thereafter did repair it and tender it to the plaintiff, who refused to accept it. The basis of the action is a rescission of the contract, but in view of the fact that the brace was repaired by defendants and tendered to the plaintiff, this was not such a breach of the contract as justified a rescission. Callanan v. K. A. C. & L. C. R. R. Co., 199 N. Y. 269–284, 92 N. E. 747.

Judgment reversed, with costs, and complaint dismissed, with costs.

SEABURY, J., concurs. BIJUR, J., took no part.